JAMES LITTLE et al. v. A. C. COOK et al.

ADMINISTRATOR. *Inventory.* An administrator charged himself in his inventory with certain notes given for sale of negroes by him. The sale being without authority, the inventory is not conclusive to charge him.

FROM ROBERTSON.

Appeal from the Chancery Court of Robertson county. GEO. E. SEAY, Ch.

STARK & JUDD for complainant.

J. E. GARNER & SON and E. I. GOLLADAY for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by the children and grandchildren of Rebecca Little, formerly Rebecca Cook, to recover of A. C. Cook, as administrator, their share of the estate of Jacob Cook, deceased.

Complainant in his argument rests his case entirely on the inventory of the administrator, and settlement, in which the administrator charged himself with notes given for certain negroes sold by him, amounting to upwards of $4,500. It is thought the case of *Snodgrass* v. *Snodgrass*, administrator, 1 Baxt., 158, is conclusive of this question. In that case the administrator was held personally to account for moneys received.

by him, though not properly included in his administration account. His sureties were held, however, exempt in that case.

It was said in that case, that his inventory was conclusive to charge him, unless he can show he was mistaken in the facts upon which he had charged himself. The result in that case was the justice of the case, as he had the money in his hands.

But in this case no money has come into the hands of the administrator—he charges himself with these notes for negroes sold by him, and the record clearly shows his sale was without authority, conveyed no title to the slaves, and he could never have collected the notes by law. To hold that these facts do not entitle him to show himself discharged from the price of the negroes, as evidenced by the notes, and make him responsible for these notes, would be a mockery of justice, and be the opposite of the real principle underlying the case referred to.

Whatever may have been the result of wrongful intermeddling with the negroes by the administrator to himself personally, in a proceeding to assert such responsibility, we think it clear he is not accountable for the amount of these notes.

We believe this is the only question brought for review by this appeal, and the chancellor having taken the same view we have, his decree is affirmed with costs.